**H. H. ALVORD, Jr., Appellant,**

**v.**

**TENNECO CORPORATION, Appellee.**

**No. 69.**

Court of Civil Appeals of Texas.

Tyler.

July 16, 1964.

Rehearing Denied Oct. 8, 1964.

Tom Bankhead, Carthage, for appellant.

Patrick H. Rafferty, Rafferty, Taylor & Kepner, Houston, John Minton, Jr., Spruiell, Lowry, Potter, Lasater & Guinn, Murph Wilson, Wilson, Miller, Spivey & Steger, Tyler, J. E. Jackson, Long, Strong, Jackson & Strong, Carthage, for appellee.

SELLERS, Justice.

On March 7, 1941, Natural Gas Production Company, Inc., was the owner of eight separate oil and gas leases located in Harrison and Panola Counties. On this date

there were on these leases sixteen producing oil wells, one of which was producing from a depth of 4,704 feet. This was the deepest well producing at the time. On this date Natural Gas Production Company entered into an agreement with Midstates Oil Corporation to secure the drilling of an oil and gas well to 6,500 feet unless oil and gas in paying quantities was discovered at a lesser depth, but below 4,704 feet. In the event oil and gas in paying quantities was not discovered in the 6,500-foot well, then all rights provided for in this contract was to revert to Natural Gas Production Company. This contract provided that Natural Gas Production Company would assign the leases to Midstates Oil Corporation with certain reservations.

On April 24, 1941, Natural Gas Production Company executed the assignment in pursuance of the above-mentioned contract to Midstates Oil Corporation in which all of the rights in and to the leases were assigned to Midstates Oil Corporation subject to certain reservations therein contained.

After reciting that there were certain wells producing from said leases and giving their number and approximate depths, it is provided:

"Title to each of the wells presently producing and listed above shall remain in Natural and shall not pass under this agreement to Midstates, and the equipment and appurtances and all present and future production from said wells, together with the right to sell such production under existing gas purchase contracts applicable thereto, shall belong to Natural so long as said wells continue to produce from the horizons from which said wells are presently producing and until Natural elects to abandon same as hereinafter provided."

It further provided for the abandonment of said wells, as follows:

"In the event Natural, at any time desires to abandon any well presently producing on any of said leases, it shall give Midstates thirty (30) days notice in writing of such intentions to abandon. Midstates shall within said thirty (30) day period either elect to take over such well or give notice of its acquiescence in such abandonment. In the event Midstates takes over any such well it shall pay Natural the then salvage value of said well and Midstates may rework or redrill or deepen said well, in its discretion, it being agreed, however, that Natural reserves no overriding royalty on the production from any such well derived from horizons from which the well is producing at the time Midstates takes same over. Midstates shall be obligated to pay overriding royalties only on the production from such well derived from deeper horizons."

H. H. Alvord, Jr., plaintiff herein, acquired all of the interest in Natural Gas Production Company shortly after the above contract and assignment were executed. The well provided for in the contract and assignment was completed at 6,500 feet. The defendants acquired the rights of Midstates Oil Corporation in certain of the leases and the defendant, Tenneco Corporation, assigned certain rights in one of the leases to intervenors who drilled a well on said lease which is producing at a depth of 4,704 feet above which level plaintiff claims the leasehold estate. This suit was instituted by H. H. Alvord, Jr., against Tenneco Corporation to have the assignment and contract interpreted and plaintiff's petition contains the following prayer for relief:

"WHEREFORE, the Plaintiff being without adequate remedy in the premises, prays that the Court take jurisdiction of the parties and the subject matter in this cause; that the Court by its decree herein make a full and complete declaration with regard to the relative rights, liabilities, duties and legal relations of the parties with reference to the oil, gas and mineral

leasehold estate rights from the surfaces to a depth of 4,704 feet, and that such contracts, assignments and agreements be construed and interpreted as they may affect such respective rights of the parties and that the Court declare that Plaintiff is the owner and holder of such shallow rights in said oil, gas and mineral leases, for general relief and such other relief as the Court may deem proper in law or in equity and for cost of suit."

The defendant and intervenors filed an answer setting up a number of defenses not necessary here to mention in view of the disposition of this appeal.

In due time the defendant and intervenors filed a motion for summary judgment, alleging that the wells on the leases under which they claim had been abandoned or they could find no evidence of any existing wells. This motion for summary judgment was resisted by the plaintiff and plaintiff denied that there had ever been any abandonment by plaintiff of the wells on this lease or any of the other leases in keeping with the provisions of the contract and assignment for the abandonment of the wells.

The trial court, after a hearing, granted the motion for summary judgment of defendant and intervenors and entered judgment for defendants and intervenors for title to the leasehold estate subject to an overriding royalty about which no controversy exists. From this judgment the plaintiff has duly prosecuted this appeal.

■ It is now settled that a summary judgment will not be sustained, unless the pleadings, depositions, and affidavits show that there is no genuine issue as to any material fact. Rule 166–A, Texas Rules of Civil Procedure.

■■ We are of the opinion that this record presents an issue of fact as to whether there has been an abandonment of the wells on the lease by the plaintiff in keeping with the provisions for abandonment provided for in the contract and assignment. The question of abandonment is, as a rule, a question of fact. The mere non-use of an oil well does not constitute abandonment. Humble Oil & Refining Co. v. Cook et al., Tex.Civ.App., 215 S.W.2d 383.

The judgment of the trial court is reversed and the cause remanded.